STATE BANK OF BEAVERTON *v.* SOUTHERN SURETY CO.

1. CHATTEL MORTGAGES—MORTGAGOR ENTITLED TO USE OF MORTGAGED PROPERTY IN HIS POSSESSION.

Mortgagor while in possession holds not as agent of mortgagee, but as owner of incumbered property, and is entitled to use, rents, and profits.

2. SAME—FORECLOSURE—MORTGAGEE NOT ENTITLED TO RENT FOR USE OF PROPERTY—PRINCIPAL AND SURETY.

On foreclosure of chattel mortgage on roadbuilding machinery, mortgagee is not entitled to recover from mortgagor's surety for use or rent of said property, although, on mortgagor's failure to complete contract, surety used said machinery in completing it.

Appeal from Gladwin; Smith (Guy E.), J.   Submitted June 14, 1932:   (Docket No. 126, Calendar No. 35,956.)   Decided December 6, 1932.

Bill by State Bank of Beaverton against Southern Surety Company and others for an accounting. Decree for plaintiff.   Defendant surety appeals. Reversed, and bill dismissed.

*John C. Shaffer,* for plaintiff.

*Coulter & Hampton,* for defendant surety.

Clark, C. J.   Plaintiff filed its bill of complaint against Rollin A. Jones, Roy B. McKibben, Charles McKimmey, and Southern Surety Company for accounting.   Later the bill was amended to pray foreclosure of a chattel mortgage by McKimmey to plaintiff.

On September 7, 1927, Jones entered into a contract with State highway commissioner to construct a highway.   McKimmey had certain road-building machinery on which plaintiff had a chattel mortgage.

On September 21, 1927, Jones, McKibben, and McKimmey formed a partnership to construct the highway, and signed articles reciting sale to the partnership of the road-building machinery and containing an agreement by and among themselves—

"to pay into the State Bank of Beaverton for the account of Charles W. McKimmey at the rate of 4 cents per yard on earth excavation as per estimates of the engineer in charge as estimates are received. The balance remaining unpaid shall be paid upon receipt of final estimate."

On October 17, 1927, a bond for the payment of subcontractors and for labor performed and materials furnished (3 Comp. Laws 1929, § 13132) was provided, in which Jones was principal and Southern Surety Company surety. The bond in its condition went beyond the language of the statute in providing of payable indebtedness, namely:

"All indebtedness which may arise from said contractor to a subcontractor or to any person, firm, or corporation on account of any labor, material, equipment rental, equipment depreciation, or camp or equipment supplies furnished and actually used in the prosecution of said contract."

The partners, individual defendants, began work, using the machinery, and, when the job was nearly one-third finished, were in financial difficulty. The defendant surety, under its agreement with the contractor, directed that the amounts of further estimates be paid to it as contract assignee. It provided necessary funds to complete the job, which was at a loss. The individual defendants, or some of them, remained in charge of the work and were paid. The machinery was continued in use either under the agreement made in respect of the bond or by the individual defendants themselves.

Plaintiff had decree finding the amount due on its chattel mortgage to be $5,057.24; directing the plaintiff to foreclose the same and to apply the net proceeds to the debt and to report for confirmation; and that the deficiency be paid one-third by individual defendants and two-thirds by defendant surety, this on the theory and finding that the machinery had been practically exhausted in use, and that the defendant surety had had about two-thirds of the use. Defendant surety has appealed.

The quoted agreement by and between the partners to pay the plaintiff is not an assignment of money to become due on the highway contract. It is a mere agreement to pay, which, unfortunately, was not performed.

That the surety is guilty of conversion of plaintiff's chattel mortgage security is not pleaded and no case is made on that theory, and decree directing foreclosure negatives conversion.

As nearly as we can determine, plaintiff's theory of recovery is on the bond and for equipment rental. We pass as unnecessary to decision the argument of appellant that the bond in this respect went beyond the statute and therefore is not binding. Assuming it to be binding, the plaintiff is entitled to no rental. It provided no equipment. The equipment was owned by the mortgagor or his assigns. A mortgagor while in possession holds not as agent of the mortgagee but as owner of the incumbered property (*People, for use of Farrington, v. Bristol,* 35 Mich. 28), and is entitled to use, rents, and profits. 11 C. J. p. 561. Plaintiff here asserted no default in the mortgage and took no step toward foreclosure until the hearing of this case. It can have nothing on the claim for use or rent of property which it did not own, and hence nothing on the bond of defendant surety.

As against the individual defendants, who stood as owners of the machinery and as principal contractors, the defendant surety, if it took over the job as plaintiff contends, had right under its contract in respect of bond to continue the machinery in use on the job. Plaintiff, assuming its mortgage to have been a valid lien, might have asserted its rights thereunder, but it did not, so the machinery

was rightfully used either by the contractor or contractors, or their assign, the surety, or by both, to the completion of the job.

Whether the surety did in fact or law take over the job is therefore a question not here important.

And we need not consider the question of adequate remedy at law.

It follows that, as to appellant, the decree is reversed, and bill dismissed, with costs.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.